IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  1:01-cr-00371 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | ORDER REGARDING |
| | ) | SUPERVISED RELEASE |
| CRAIG PATRICK SCANLON, | ) | VIOLATION HEARING |
| | ) | |
| Defendant. | ) | |

This matter was before the Court on May 20, 2026, upon request of the probation office for a finding that Defendant Craig Patrick Scanlon violated the conditions of supervised release. The defendant was present and represented by Assistant Federal Public Defender Jeffrey Lazarus. Assistant U.S. Attorney Michael Collyer present on behalf of the Government. U.S. Probation Officer Amanda Cambiero was present on behalf of U.S. Pretrial Services and Probation.

In 2002, the Court sentenced defendant to 46 months incarceration followed by 3 years of supervised release after he pleaded guilty to multiple counts of mail fraud, interstate transportation of stolen property, and money laundering. While on supervised release, defendant absconded from supervision and the Court issued an arrest warrant in October 2007. For nearly nineteen years, defendant's whereabouts remained unknown, until his arrest in February 2026.

During the hearing on May 20, 2026, petitions were presented for action of the Court for cause as referenced in the November 11, 2007, Superseding Violation Report and the February 17, 2026, Superseding Violation Report. Previously, defendant appeared for a Supervised Release Violation hearing held by Magistrate Judge James E. Grimes, Jr. on April 23, 2026, at which time

the defendant knowingly, intelligently, and voluntarily admitted to the four alleged supervised release violations: 1) Submission of False Monthly Supervision Reports, 2) Failure to Notify Probation Officer of Change in Employment, 3) Failure to Notify Probation Officer of Change in Residence, and 4) Failure to Provide Financial Information as Directed. The Magistrate Judge issued a Report and Recommendation on April 23, 2026, recommending *inter alia* that the Court find defendant knowingly, intelligently, and voluntarily admitted to the above four violations. No party objected to the Report and Recommendation.

The Court adopted the Magistrate Judge's Report and Recommendation, during the May 20, 2026 hearing, and as explained on the record found that the defendant committed the four violations of the terms and conditions of supervised release and revoked supervised release. After considering the record before the Court, the positions of counsel and Defendant, the pertinent statutory factors set forth in 18 U.S.C. § 3553(a), and federal law, the Court determined that a guideline-range sentence—which may have been appropriate if imposed in 2007—was insufficient. The Court sentenced defendant to 24 months custody of the Bureau of Prisons, followed by a term of 1 year supervised release, as explained more thoroughly during the hearing. In summary, this case includes numerous aggravating factors clearly supporting the sentence imposed. Defendant made the conscious decision, in 2007 after months of non-compliance, to flee and abscond from supervised release. He was an absconder for nearly 19 years, during which he lived under a false identity, clearly demonstrated no intention to comply with the Court's orders and conditions of supervision, purposefully avoided responsibility for his actions, deliberately avoided paying back restitution to the victims of his crimes, and he presented a continuous physical and financial threat to the public. Although Defendant admitted to his violations, his statements to the Court lacked credibility, sought to shift blame to others, and failed to mitigate the aggravating factors.

In addition, the Court ordered all previously ordered mandatory, standard and special conditions of supervised release remain in effect, and the Court ordered the additional conditions of Financial Disclosure; Search and Seizure, Financial Windfall Condition; and participation in the Location Monitoring Program for a period of 90 days utilizing GPS monitoring to commence as soon as possible but no later than 10 days after release from custody; restitution order reimposed.

As set forth on the record, the Defendant is ordered to pay restitution in the total amount of $1,657,758.69, which amount includes the restitution balance of $1,225,276.74 and the interest amount of $432,481.95 since 2007, due and payable to the identified victims through the Clerk of the U.S. District Court. Restitution is due and payable immediately. If Defendant is unable to immediately pay restitution, the Defendant must pay 25% of his gross income per month, through the Federal Bureau of Prisons Inmate Financial Responsibility Program. If a restitution balance remains upon release from imprisonment, payment is to commence no later than 60 days following release from imprisonment to a term of supervised release in monthly payments of at least a minimum of 10% of Defendant's gross monthly income during the term of supervised release and thereafter as prescribed by law. Notwithstanding establishment of a payment schedule and subject to applicable federal law, nothing shall prohibit the United States from executing or levying upon property of the Defendant discovered before and after the date of this Order.

Added Special Conditions of Supervised Release:

1.   Financial Disclosure.  You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

2.   Search / Seizure. You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you

have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

3.    Financial Windfall Condition. You must apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

4.    Location Monitoring Program. You shall participate in the location monitoring program for a period of 90 days utilizing GPS monitoring and shall abide by all technology requirements. You are restricted to your residence at all times except for employment; education; religious activities, medical, substance abuse, or mental health treatment; attorney visits, court appearances; court-ordered obligations; or other essential activities as approved by the U.S. Pretrial Services and Probation Officer. You shall follow all the program rules and pay all or part of the costs of participation in the location monitoring program as directed by the court and/or officer. Location monitoring shall commence as soon as possible but no later than 10 business days of release from custody.

For the reasons stated on the record, the Court denied Defendant's request to reconsider and impose a lesser sentence, and overruled Defendant's objection to the sentence. Defendant advised of appeal rights. Defendant requested to serve his sentence and supervised release in Miami, Florida where he was arrested. The United States did not object to his request. Defendant's placement remains within the discretion of the Bureau of Prisons, but the Court recommends it consider placement in the Miami-area. The Court recommends Defendant be permitted to complete supervised release in Florida, as requested. The Court considered but denied Defendant's request for credit for time served in relation to this matter.

The Defendant remanded to custody of the U.S. Marshal.

IT IS SO ORDERED.

Date: May 29, 2026                                    /s/ *David A. Ruiz*
                                                      David A. Ruiz
                                                      United States District Judge